UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| RHONDA D. MILLER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | No. 1:15-cv-00059-TAB-RLY |
| ) | |
| CAROLYN W. COLVIN Commissioner of the ) | |
| Social Security Administration, ) | |
| ) | |
| Defendant. ) | |

**ORDER**

**I.      Introduction**

Pending before the Court is Plaintiff Rhonda D. Miller's appeal of the Commissioner's denial of her claim for disability benefits.  Miller argues that the Administrative Law Judge erred in finding she was not disabled by failing to properly weigh two of the medical source opinions, failing to support his conclusion at step three, and making an erroneous Residual Functional Capacity determination.  For the reasons set forth below, the Court is unpersuaded by Miller's arguments and denies Miller's brief in support of appeal.  [Filing No. 29.]

**II.     Procedural Background**

Miller applied for supplemental security insurance benefits on April 10, 1012, alleging disability beginning April 5, 2012.  The claim was denied initially on May 24, 2012, and on reconsideration July 2, 2012.  On July 8, 2013, Miller, who was represented by an attorney, testified at a hearing before the ALJ and an impartial Vocational Expert.  On September 30, 2013, the ALJ issued his decision, finding that Miller is not disabled.

At step one, the ALJ found that Miller has not engaged in substantial gainful activity during the relevant time period. At step two, the ALJ found that Miller's severe impairments include degenerative disc disease, osteoarthritis, scoliosis, a learning disorder, depression, and anxiety. At step three, the ALJ concluded that Miller does not meet or equal any relevant listing. At step four, the ALJ found that Miller has the RFC to

> lift and/or carry 20 pounds occasionally, and 10 pounds frequently; stand and/or walk about 6 hours in an 8 hour workday; and sit about 6 hours in an 8 hour work day. The claimant cannot kneel or crawl, or climb ropes, ladders, or scaffolds; but can occasionally climb stairs or ramps, and occasionally balance, stoop, or crouch. The claimant must further avoid work at unprotected heights, around dangerous moving machinery, operating a motor vehicle, or working around open flames or large bodies of water. In addition, the claimant is limited to simple and repetitive work, which requires no more than superficial interaction with the public, coworkers, or supervisors.

[Filing No. 12-2, at ECF p. 20.] The ALJ found that Miller is unable to perform past relevant work as a home health care aide or cashier. [Filing No. 12-2, at ECF p. 25.] At step five, the ALJ found that Miller can perform jobs in the national economy as a collator operator, router, or housekeeper. [Filing No. 12-2, at ECF p. 26.] This decision became final when the Appeals Council denied Miller's request for review. This appeal followed.

### III.    Standard of review

The Court must uphold the ALJ's decision if substantial evidence supports his findings. *Terry v. Astrue*, 580 F.3d 471, 475 (7th Cir. 2009). "The substantial evidence standard requires no more than such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." *Moore v. Colvin*, 743 F.3d 1118, 1120 (7th Cir. 2014). The ALJ is obligated to consider all relevant medical evidence and cannot simply cherry-pick facts that support a finding of nondisability while ignoring evidence that points to a disability finding. *Denton v. Astrue,* 596 F.3d 419, 425 (7th Cir. 2010). If evidence contradicts the ALJ's conclusions, the ALJ must

confront that evidence and explain why it was rejected. *Moore,* 743 F.3d at 1123. The ALJ, however, need not mention every piece of evidence, so long as he builds a logical bridge from the evidence to his conclusion. *Pepper v. Colvin,* 712 F.3d 351, 362 (7th Cir. 2013).

## IV.   Discussion

Miller argues that the ALJ made three reversible errors. First, he failed to properly weigh the medical source opinions. Second, his step three conclusion is unsupported by substantial evidence. Third, he failed to include all of Miller's limitations in the RFC. The Commissioner contends that the ALJ's conclusions are supported by substantial evidence in the record. As explained below, the Court agrees with the Commissioner.

### A.   *Weight given to Miller's physicians*

Miller takes issue with the weight the ALJ gave to Drs. Olson and McIntosh. The ALJ gave little weight to the opinion of Miller's treating physician Dr. Olson because it appeared to be based on subjective reports and was inconsistent with the record and internally. [R. at 21.] Additionally, the ALJ gave great weight to Miller's treating psychiatrist instead of the consultative psychological evaluator Dr. McIntosh. [R. at 22.] The ALJ found that Dr. McIntosh's diagnosis and assessment was not consistent with the medical evidence. [R. at 22.] Miller contends that the weights given to the opinions of Drs. Olson and McIntosh are erroneous. The Commissioner contends that the ALJ properly weighed the opinions and his conclusions are supported by the record. The Court agrees with the Commissioner.

A treating physician's opinion is entitled to controlling weight as long as it is well supported by objective medical evidence and is consistent with other substantial evidence in the record. 20 C.F.R. § 404.1527(c)(2); *Roddy v. Astrue*, 705 F.3d 631, 636 (7th Cir. 2013). If the ALJ determines that a treating doctor's opinion is not entitled to controlling weight, he must

3

evaluate it and determine what weight to give it. *Id.* An ALJ is not required to give a treating physician's opinion controlling weight, although he must provide a sound explanation for rejection. *Id.*

A nontreating source's opinion is not entitled to the same controlling weight as a treating physician. 20 C.F.R. § 404.1502; *Simila v. Astrue*, 573 F.3d 503, 514 (7th Cir. 2009). An ALJ determines the weight a nontreating physician's opinion deserves by examining how well it is supported and explaining whether it is consistent with the record. *Id.* at 515.

    1.    Dr. Olson

Miller argues that the ALJ arbitrarily rejected Dr. Olson's opinion. However, the ALJ only rejected it after concluding that Dr. Olson's opinion was based on Miller's subjective reports of her limitations. [R. at 21.] The ALJ supports this conclusion by pointing to Dr. Olson's note, "reported by p[atien]t." [R. at 235.] The ALJ also found Dr. Olson's opinion was inconsistent with the evidence of record. [R. at 21.] The ALJ pointed to the sections on Dr. Olson's form that indicate Miller can stand less than twenty minutes, walk less than ten minutes, lift and carry less than ten pounds, and be absent or late three or more days per month. [R. at 235.] The ALJ explained that these are extreme limitations and they conflict with Dr. Schopmeyer's exam, which was normal. The ALJ also explained that these extreme limitations are inconsistent with the remainder of Dr. Olson's own treatment notes, which otherwise document no limitations. [R. at 21.] The ALJ pointed out that Dr. Olson recommended conservative treatment, never referred Miller to a specialist, and did not recommend surgery. The ALJ questioned the credibility of Dr. Olson's opinion that Miller is unable to work because Dr. Olson only recommends conservative treatment. [R. at 236.] Miller does not identify what part of the ALJ's analysis she claims is

arbitrary, and the Court's review shows that the ALJ's analysis is well articulated and his conclusions are supported by the record.

The ALJ reasonably gave Dr. Olson's opinion little weight because it was based on subjective complaints and was inconsistent with the evidence and internally. *See Ketelboeter v. Astrue*, 550 F.3d 620, 625 (7th Cir. 2008) ("If the treating physician's opinion is inconsistent with the consulting physician's opinion, internally inconsistent, or based solely on the patient's subjective complaints, the ALJ may discount it."). The ALJ gave good reasons for rejecting Dr. Olson's opinion and substantial evidence supports the ALJ's decision to give it little weight. Thus, remand is not appropriate.

2. *Dr. McIntosh*

Miller makes a string of undeveloped and under-developed arguments that the ALJ erroneously weighed Dr. McIntosh's opinion. Miller also repeatedly misrepresents the evidence. Miller argues that the ALJ:

- failed to build an accurate and logical bridge from the record to his conclusions,
- made a plainly erroneous decision that was contrary to the medical evidence,
- selected and discussed only the evidence that favored his decision,
- mischaracterized the evidence,
- did not consider all of the relevant evidence, and
- failed to consider evidence contrary to his decision.

[Filing No. 23, at ECF p. 9-12.] Miller's better-developed arguments are discussed below, but overall, she does not apply the factual evidence in the record to her arguments or explain how the record proves that she was disabled.[1] All Miller's arguments that the ALJ

---

[1] Miller's counsel should not have to be constantly reminded of his obligation to accurately present the facts and develop arguments. *See, e.g., Spivey v. Colvin*, No. 1:13-CV-01626-DML, 2015 WL 1396626, at *3 (S.D. Ind. Mar. 25, 2015) (declining to discuss all but one argument by counsel because "[t]he others are undeveloped and not faithful to the record or the governing law."); *Hollingsworth v. Colvin*, No. 1:13-CV-01699-TWP, 2015 WL 1396631, at *4 (S.D. Ind. Mar. 25, 2015) (referring to counsel's arguments as "scattershot, inaccurate, and undeveloped");

5

improperly weighed Dr. McIntosh's opinion fail due to a lack of development and misrepresentation of the record—either a troubling oversight by counsel or perhaps more.

Miller argues that the ALJ failed to discuss Dr. McIntosh's opinion that "[h]er symptoms of depression could be expected to cause her to have occupational problems compared to other people." [Filing No. 23, at ECF p. 10.]  However, Dr. McIntosh actually opined that "[b]ased on her current psychological functioning, [Miller] could be expected to work at a pace commensurate with that of her same-aged peers." [R. at 218.]  Miller's misrepresentation of Dr. McIntosh's opinion is misleading because it suggests that Miller will have significant occupational problems while Dr. McIntosh found that she will have none. Miller's argument here fails because it is based on a false representation of the evidence.  And even if the representation were true, the ALJ is not required to discuss each piece of evidence, let alone each sentence in an opinion, particularly for a nontreating source.

Miller argues that the ALJ misstated Dr. McIntosh's finding that she had to repeat the fourth grade because the ALJ found that she "was able to graduate from high school, with no failed classes." [R. at 22.]  Dr. McIntosh reported that Miller "stated she repeated the [fourth] grade" Dr. McIntosh reported that Miller "stated she repeated the [fourth] grade." [R. at 214.]  As the Commissioner points out, this was not a finding.  Dr. McIntosh merely noted what Miller told him about her background.  Moreover, a reasonable reading of the ALJ's opinion is that Miller was able to graduate from high school without failing any high school classes.  The ALJ even discussed her actual high school records, showing mostly Bs.

---

*Dye v. Colvin*, No. 1:12-CV-593-SEB-TAB, 2013 WL 4542934, at *3 (S.D. Ind. Aug. 26, 2013) ("Plaintiff's counsel has asserted the same undeveloped argument in other cases to no avail.");, *Robinson v. Astrue,* No. 1:12–CV–00021–SEB–DKL, 2013 WL 593984, at *5 (S.D. Ind. Feb.14, 2013) (describing counsel's arguments as being in "slapdash form ( i.e., without explanation or analysis)").

[R. at 22.] Miller's argument confuses Dr. McIntosh's medical findings with her subjective reports. While almost all diagnoses require some consideration of subjective reports, *Jimenez v. Colvin*, No. 13 C 5167, 2015 WL 1592438, at *7 (N.D. Ill. Apr. 6, 2015), Miller's argument does not concern subjective reports about her impairments. Miller's argument fails because her self-reported school record is not a medical finding and a reasonable mind could conclude that the ALJ's statement is correct, particularly based on the evidence cited by the ALJ.

Miller makes a similar argument that the ALJ erred in finding that she did a lot of reading. Miller asserts that Dr. McIntosh found that she did not read due to comprehension and concentration problems. Again, this was not a finding. Dr. McIntosh's report states, "[w]hen asked about reading, she replied 'No cause I can't comprehend or concentrate.'" [R. at 217.] However, Dr. McIntosh found no deficits in Miller's concentration and opined that she is capable of performing simple, repetitive tasks for a continuous two-hour period, with no pace problems or need for additional supervision. [R. at 218-19.] Furthermore, Miller's functional report, which was completed just one month before seeing Dr. McIntosh, states that she does "tons of reading." [R. at 143.] In fact, the ALJ cited this evidence to support his conclusion that, "[a]lthough she said she had difficulty comprehending or concentrating, the undersigned notes that the claimant admitted that she reads a great deal." [R. at 22.] The ALJ explains his conclusion, which is supported by the evidence. Miller's argument fails because it is based on one sentence taken out of context.

Finally, Miller argues that the ALJ erred by making a conclusory rejection of her chronic neck and back pain. Miller relies on *Carradine v. Barnhart*, 360 F.3d 751, 754-56 (7th Cir. 2004), for the proposition that subjective evidence alone supports a finding of

7

disability. However, *Carradine* discusses the ALJ's credibility finding, not the weight given to medical opinions. The *Carradine* court found that the ALJ erred by finding the claimant's subjective statements of pain not fully credible because the ALJ misunderstood the interplay between the claimant's psychological condition and her ability to recognize physical pain. *Id.* Not only is *Corradine* inapplicable to Miller's argument, but the ALJ relied on objective medical evidence that showed Miller's spine was essentially normal. [R. at 23.] The ALJ found Miller's testimony supporting her allegations of disabling back pain not fully credible because it was unsupported by the treatment notes. [R. at 23.] This evidence is analyzed by the ALJ and could reasonably support a rejection of Miller's back pain. Even so, the ALJ did not completely reject Miller's allegations of back pain because he found that Miller had a credible history of back pain. The ALJ's conclusion about Miller's history of back pain resulted in his inclusion of restrictions for lifting, carrying, and postural limitations. [R. at 23.] The ALJ did not reject Miller's back pain. The ALJ supported his conclusion that she had a history of back pain by analyzing the evidence. Miller's argument thus fails.

  B. *Step three*

Miller argues that the ALJ erred at step three, but presents the Court with a pair of undeveloped arguments. First, Miller argues that the ALJ made his own unsupported medical opinions about whether her impairments medically equal a listing. But Miller fails to tell the Court what unsupported opinions the ALJ allegedly made or explain how any omitted records support a finding that she was disabled. Second, Miller argues that the ALJ's failed to summon a medical advisor. Miller baldly asserts that the ALJ cited no evidence that her impairments failed

to medically equal a listing and that he failed to provide any relevant discussion. Yet Miller provides no support for this argument.[2]

At step three, the ALJ explained that "the medical evidence does not document listing level severity and no acceptable medical source has mentioned findings equivalent in severity to the criteria of any listed impairment, either individually or in combination." [R. at 16.] The ALJ supported this conclusion by analyzing the functional reports of Miller and her boyfriend as well as the medical reports and opinions by Drs. Dettleff, Schopmeyer, Dobson, McIntosh, Larsen, and Pinnick. [R. at 17-18.]

Neither of Miller's arguments adequately explains what she finds erroneous about the ALJ's step three analysis, and the Court refuses to guess. At step three, the burden is on Miller to show that her impairments meet or equal the requirements of the listing. *Rice v. Barnhart*, 384 F.3d 363, 369 (7th Cir. 2004). Miller does not meet her burden. The ALJ's step three conclusion that Miller does not meet or equal a listing is supported by an analysis of Miller's impairments and based on the evidence in the record. Thus, the Court finds that the ALJ's step three conclusion is supported by substantial evidence.

C. RFC

Miller argues that the ALJ's RFC finding failed to account for her chronic pain disorder discussed in Dr. Olson's letter:

---

[2] The Commissioner also points out that Miller erroneously relies on *Barnett v. Barnhart*, 381 F.3d 664, 670-71 (7th Cir. 2006) and *Green v. Apfel*, 204 F.3d 780, 781 (7th Cir. 2000), in her argument. In *Barnett*, the ALJ found that the claimant's impairments did not medically equal a listing without discussing any of the evidence. Here, the ALJ spends nearly three pages discussing the evidence and Miller even points to evidence that the ALJ discusses. In *Green*, the ALJ's RFC finding was at issue, not his step three finding. It does not appear that *Green* has any relevance to Miller's step three argument. The Court agrees with the Commissioner and will not discuss either of these cases further, as they do not advance either of Miller's arguments.

9

> I am presently treating Rhonda Miller for chronic low back and cervical pain and chronic Anxiety and Depression. In my medical opinion, she is presently unable to work in a competitive work environment due to chronic ongoing medical conditions.

[R. at 236.] This short letter does not discuss any restrictions or limitations that the ALJ could have considered in the RFC. In fact, the ALJ also points out that none of Dr. Olson's treatment records document limitations.[3] [R. at 21.] As already discussed, the ALJ explained why Dr. Olson's opinion was given little weight. [R. at 21.] Even though Dr. Olson's letter opines that Miller is unable to work, the ultimate conclusion is specifically reserved for the Commissioner. 20 C.F.R. § 404.1527(e)(1); *Denton*, 596 F.3d at 424. The ALJ confronted Dr. Olson's letter and specifically explained his decision not to include limitations in the RFC based on the letter.

Next, Miller misrepresents Dr. McIntosh's opinion again, arguing that "[b]ased on her reported symptoms of depression, she can be expected to experience minimal to mild occupational difficulty relative to her same-aged peers." [R. at 219.] In fact, Dr. McIntosh opined that Miller could perform simple repetitive tasks continuously for a two-hour period; work at a pace commensurate with her similarly aged peers; and did not require additional supervision. [R. at 218.] As already explained, the Court gives no consideration to Miller's assertion that Dr. McIntosh opined she would have occupational problems because it is simply untrue.

Finally, Miller argues that the ALJ ignored his own determination that she has moderate limitations in social functioning and concentration, persistence, or pace. While the

---

[3] As already discussed, Dr. Olson's disability form stands out because it is marked with extreme limitations, which were self-reported by Miller. The ALJ explained that these limitations are inconsistent with the record and internally. Other than this form, Dr. Olson finds no limitations in his treatment notes.

ALJ found that Miller was moderately limited in concentration, persistence, or pace, he also found that Miller can perform "simple and repetitive work, with no more than superficial interaction with the public, coworkers or supervisors." [R. at 17, 22.] Miller's argument that the ALJ ignored his own determination is incongruent. How does the ALJ both ignore Miller's moderate limitations yet discuss them in his finding? As the Commissioner points out, the ALJ's RFC finding is more restrictive than the opinions of Miller's medical sources. Miller's argument is undeveloped, unsupported, and unpersuasive. Thus, remand is not appropriate.

**V.     Conclusion**

For these reasons, Miller has not demonstrated that the ALJ committed reversible error. The Court denies Miller's brief in support of appeal [Filing No. 23] and affirms the Commissioner's decision.

Date: 2/18/16

_____
Tim A. Baker
United States Magistrate Judge
Southern District of Indiana

Distribution:

Patrick Harold Mulvany
patrick@mulvanylaw.com

Thomas E. Kieper
UNITED STATES ATTORNEY'S OFFICE
tom.kieper@usdoj.gov